RECEIVED

FEB 1 2 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ CLERK

In the United States District Court
For the Western District of Texas

Humberto H. Gomez #02057999

plaintiff,

v.

Dr. Bennet, Dr. Togo, and
Dr. Nosiottis, individually
and in their official Capacities.

Deffendants.

AMENDED
COMPLAINT

Civil Action no. W-18-CV-019

## JURISDICTION AND VENUE

1. This is a Civil action authorized by 42 U.S.C. section (1983) to to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

2. The Western District is an appropriate venue under 28 U.S.C section 1391(b)(2) because it is where the events giving rise to this Claim occurred.

## PARTIES

3. Plaintiff Humberto H. Gomez #02057999 is and was, at all times relevant hereto, a prisoner in the Custody of the T.D.C.J-ID. At all times relevant hereto, Gomez was incarcerated at the Alfred Hughes unit.

4. Deffendant Dr. Bennet was and is, at all times relevant hereto, a physician employed or retained by the T.D.C.J-ID, to provide medical services at the Hughes unit.

5. Deffendant Dr. Togo was and is, at all times relevant hereto, a physician employed or retained by the T.D.C.J-ID, to provide medical services at the Hughes unit.

6. Deffendant Dr. Nosiottis was and is, at all times relevant hereto, a physician employed or retained by the T.D.C.J-ID, to provide medical services at the Hughes unit.

## PREVIOUS LAWSUITS BY PLAINTIFF

7. When plaintiff Filed his original complaint, plaintiff improperly joined deffendants in his single complaint. As a result, certaint parties and claims were severed and a new case was assigned. This case was transferred to the Corpus Christi Division of the Southern District of Texas. Other than these mentioned lawsuits, plaintiff has filed no other lawsuits.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has gone through the grievance procedures twice for the issues stated in this complaint.

## FACTS

9. Plaintiff has been assigned to and resided at the Alfred Hughes unit since the 13, day of July 2017.

10. On the 13, day of July 2017, plaintiff submitted a sick call request to the medical Department concerning a medical condition that consisted of—

severe abdominal pain and bleeding from the rectum. REFERR TO EXHIBIT A.

11. When plaintiff did not get a response, on the 19, day of July 2017, plaintiff submitted another sick call request once again complaining of the aforementioned medical conditions. REFERR TO EXHIBIT B.

12. On the 19, day of July 2017, following plaintiffs sick call request, plaintiff consulted with nurse Muñoz abouth the aforementioned medical conditions. Mr. Muñoz advised plaintiff that he would be referred to see the doctor, however this never happened.

13. On or about the 15, day of August 2017, plaintiffs condition worsened and he was sent to the hospital where he consulted with doctor about the aforementioned medical conditions.

14. Following plaintiffs visit to the emergency room plaintiff was referred to see deffendant Dr. Togo for follow-up medical care.

15. plaintiff consulted with deffendant Dr. Togo abouth the aforementioned medical conditions and requested the following treatments: pain medication, Hemorrhoidal Cream, and Blood Analysis to investigate the cause of the bleeding from the rectum, and to conduct a blood count to make sure that plaintiff was not losing a significan amount of blood.

16. Deffendant Dr. Togo failed to provide plaintiff with the aforementioned requested treatments and failed to send plaintiff to a GI Specialist for further evaluation.

17. On the 25, day of August 2017, plaintiff Submitted another sick call request, once again complaining of the aforementioned medical conditions. REFERR TO EXHIBIT C

18. Following plaintiff's sick call request, plaintiff once again consulted with deffendant Dr. Togo about the aforementioned medical conditions and requested the aforementioned treatments.

19. Deffendant Dr. Togo once again failed to provide plaintiff with the aforementioned requested treatments and failed to send plaintiff to a GI specialist for further evaluation.

20. On the 1, day of September 2017, plaintiff consulted with deffendant Dr. Bennet about the aforementioned medical conditions and requested the aforementioned treatments. REFERR TO EXHIBIT E

21. Deffendant Dr. Bennet, who seemed to be agitated for some reason denied plaintiffs request for any of the aforementioned treatments and refused to examine plaintiff.

22. In addition, deffendant Dr. Bennet advised correction officer Dawson to remove plaintiff from his presence because there was nothing wrong with plaintiff except that plaintiff was full of shit.

23. On the 5, day of September 2017, plaintiff submitted a type written request to nurse Smith requesting Ms. Smith's help and informing Ms. Smith of his medical conditions. REFERR TO EXHIBIT D

24. On the 7, day of September 2017, plaintiff once again consulted with deffendant Dr. Bennet about the aforementioned medical conditions and requested the aforementioned treatments. REFERR TO EXHIBIT E

25. Deffendant Dr. Bennet once again denied plaintiffs request for any of the aforementioned treatments and refused to examine plaintiff.

26. On the 8, day of September 2017, plaintiff submitted a type written letter to nurse Ms. Smith to inform Ms. Smith about the repeated mistreatment and denial of medical care by deffendant Dr. Bennet. Ms. Smith did not respond. REFERR TO EXHIBIT E

27. On the 11, day of September 2017, plaintiff once again consulted with deffendant Dr. Bennet about the aforementioned medical conditions and requested the aforementioned treatments.

28. Deffendant Dr. Bennet advised plaintiff that he would provide him with the requested aforementioned treatments, to which consisted of: pain medication to alleviate his abdominal pain, Hemorrhoidal cream to treat Hemorrhoids, and Blood Analysis to investigate the cause of the bleeding from the rectum and to conduct a blood count to make sure plaintiff was not losing a significant amount of blood.

29. Deffendant Dr. Bennet provided plaintiff with medication (CARBAMAZEPINE) in an attempt to treat plaintiffs abdominal pain, but deffendant Dr. Bennet failed to provide plaintiff with any of the other aforementioned requested treatments, making plaintiffs medical treatment inadequate.

30. In addition, deffendant Dr. Bennet failed to send-

plaintiff to a GI specialist for further evaluation.

31. On the 18, day of September 2017, plaintiff submitted another sick call once again complaining of the aforementioned medical conditions.
REFERR TO EXHIBIT F

32. Following plaintiffs sick call request plaintiff once again consulted with deffendant Dr. Bennet about the aforementioned medical conditions and advised deffendant that: the medication he had prescribed for pain was not helping him but causing him bad side effects: and that he had not recieved any of the other aforementioned requested treatments.

33. Deffendant Dr. Bennet once again failed to provide plaintiff with any of the other aforementioned requested treatments and failed to treat plaintiffs abdominal pain where deffendant:did not discontinue the medication plaintiff complained was not helping but causing him bad side effects:and prescribed plaintiff (ZANTAC) as an alternative medication to treat plaintiffs pain.

34. On or about the 22, day of September 2017, plaintiff began experiencing severe pains throughout his stomach and began bleeding excessively from the rectum.

35. Plaintiff, under extreme physical, and mental anguish, and in a desperate need to have his stomach checked forcefully swallowed several razor blades.

36. Following this incident plaintiff was sent to the hospital where he consulted with doctor about the aforementioned medical conditions, the repea-

ted denials of treatment, and the extended delays to be sent to the GI specialist by prison doctors.

37. On the 2, day of October 2017, plaintiff, under severe pain, and emotional distress due to his repeated unsuccessful attempts to obtain medical care for the aforementioned medical conditions attempted to commit suicide by overdosing on medication intended to treat his blood pressure.

38. Following this incident plaintiff once again was sent to the hospital where he was evaluated for the overdose. while plaintiff was there plaintiff consulted with the hospital doctor about the aforementioned medical conditions.

39. In regards to plaintiffs complaint of these aforementioned medical conditions the hospital doctor conducted an occult stool test, and an anoscopy, to which revealed external and internal Hemorrhoids.

40. On the 9, day of October 2017, plaintiff submitted another sick call request once again complaining of the aforementioned medical conditions. REFERR TO EXHIBIT G.

41. Following plaintiffs sick call request, on the 12, day of October 2017, plaintiff once again consulted with deffendant Dr. Togo about the aforementioned medical conditions and requested the aforementioned treatments, and adding a request of Hemorrhoidal suppositories to treat internal Hemorrhoids. REFERR TO EXHIBIT H

42. Deffendant Dr. Togo once again failed to provide plaintiff with the requested aforementioned treatments and failed to send plaintiff to a GI specialist for further evaluation.

43. On the 13, day of October 2017, plaintiff submitted another written request to nurse Ms. Smith requesting Ms. Smith's help and informing Ms. Smith of deffendant Dr. Togo's failure to provide plaintiff with the aforementioned requested treatment. REFERR TO EXHIBIT H

44. This written request was answered by nurse J. Collett who at that time referred plaintiff back to deffendant Dr. Togo. REFERR TO EXHIBIT H

45. On or about the 18, day of October 2017, plaintiff was sent to the hospital to undergo an endoscopy and colonoscopy procedure, which would be conducted by the GI specialist.

46. While plaintiff was at the hospital awaiting to undergo these aforementioned procedures plaintiff began having problems with his blood pressure and passed out.

47. Since it was assumed that plaintiff overdosed, plaintiffs appointment with the GI specialist was canceled and he was sent to Crisis management.

48. Following plaintiffs clearance from the Crisis management department, plaintiff was never sent back to undergo the aforementioned procedures.

49. On the 3, day of November 2017, plaintiff submitted two more written requests to nurse Ms. Smith concerning the aforementioned medical conditions. REFERR TO EXHIBITS I AND J

50. Plaintiff requested Ms. Smith's help and informed Ms. Smith of deffendants Dr. Bennets and Dr. Togo's failure to provide plaintiff with the aforementioned requested treatments. These requests were answered by two different nurses. REFERR TO EXHIBITS I AND J

51. On the 3, day of November 2017, plaintiff also submitted another sick call request once again complaining of the aforementioned medical conditions. REFERR TO EXHIBIT K

52. Following plaintiffs sick call request plaintiff consulted with deffendant Dr. Nosiottis about the aforementioned medical conditions and requested the aforementioned treatments, to which consisted of: pain medication, Hemorrhoidal cream and suppositories, and Blood analysis to investigate the cause of the bleeding from the rectum and to conduct a blood count to make sure that plaintiff was not losing a significant amount of blood.

53. In addition plaintiff advised deffendant Dr. Nosiottis that the medication deffendant Dr. Bennet had prescribed for pain was not helping him but insted was causing him to experience bad side effects.

54. While it is true that deffendant Dr. Nosiottis provided plaintiff with an alternative medication namely (EFFEXER) in an attempt to treat plaintiffs pain, deffendant Dr. Nosiottis failed to provide plaintiff with any of the other aforementioned treatments, making plaintiffs medical care inadequate.

55. In addition deffendant Dr. Nosiottis disregarded a risk to plaintiffs health by increasing the dosage of the medication (CARBAMAZEPINE) that plaintiff complained was not helping with the pain but rather causing bad side effects. REFERR TO EXHIBITS H AND I

56. On the 16, day of November 2017, plaintif was taken to the medical department for the aforeme-

ntioned medical conditions. plaintiff once again was advised that he would recieve the aforementioned requested treatments, however plaintiff never recieved any of the treatments.

57. Throughout the month of December 2017, plaintiff submitted several sick call requests complaining of the aforementioned medical conditions. These sick call requests were never answered.

58. On or about the 12, day of January 2018, plaintiff was lying on his bunk under extreme abdominal pain when he felt and noticed a large amount of blood soaking into his cloths and bed-sheets.

59. Plaintiff went up to his cell door and began pleading for help. When correctional officers arrived to plaintiffs cell and noticed blood on the floor, toilet and bed, plaintiff was immediately taken to the medical department as an emergency.

60. Upon arrival to the medical department plaintiff consulted with nurse Ms. Robertson who at that time examined plaintiff and sent him back to his cell advising him that he would see the doctor later on.

61. Later on that same day, plaintiff consulted with deffendant Dr. Nosiottis about the aforementioned medical conditions and once again requested the aforementioned treatments.

62. Deffendant Dr. Nosiottis once again failed to provide plaintiff with any of the aforementioned requested treatments. In addition deffendant Dr. Nosiottis failed to send plaintiff to a GI specialist for further evaluation.

FAILURE TO ADMINISTER ADEQUATE MEDICAL TREATMENT.

64. Deffendants Dr. Bennet, Dr. Togo, and Dr. Nosiottis excercised deliberate indifference to plaintiffs health by failing to provide adequate medical care to him following his repeated complaints of severe abdominal pain and bleeding from the rectum. Deffendants also intentionally delayed plaintiff from being sent to the GI specialist for further evaluation.

65. As a result of deffendants Dr. Bennet's, Dr. Togo's, and Dr. Nosiottis's deliberate indifference to plaintiffs medical conditions plaintiff suffered further pain and mental anguish. He continued to suffer from severe abdominal pain and bleeding from the rectum. In addition plaintiff suffered from major anxiety due to the constant pain, and worry about having cancer or any other life threatning disease that without treatment would eventually deteriovate and take his life.

WHEREFORE, plaintiff prays for Judgement in his favor and damages in his favor against all deffendants in an amount sufficient to compensate him for the pain and mental anguish suffered by him due to the deliberate indifference and intentional misconduct of deffendants, but in no event less than 200,000, excluding attorney fees and costs, and such additional relief as the Court may deem Just and proper.

Respectfully Submitted,

Humberto H. Gomez #02057999
Plaintiff

I, Humberto Hilario Gomez, declare under penalty of perjury under the laws of the UNITED STATES of AMERICA, that the foregoing is true and correct. Title 28. U.S.C section 1748. Signed this 5, day of February 2018.

Humberto H Gomez
#02057999

EXHIBIT A

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

**PART A:** (To be completed by offender)                    Date: _7·13·17_

Offender's Name: _Gomez, Humberto H._          TDCJ No.: _02057999_

Work Assignment: _____          Work Hours: _____

Wing No: _12B - 80_ _____ School Hours: _____

Service needed: ☑ Medical ☐ Dental ☐ Mental Health ☐ Other: _____

Reason for Health Services Appointment: _Abdominal pain and rectal pain and bleeding._

How long have you had this problem?   Hours: _____   Days: _15 - Months_

---

"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."

_____
**Signature of Offender**

T. Smith RN
CONSULT RN                                                    JUL 20 2017

Part B: (To be completed by medical personnel – Do not write below this line

Medical Reply: _____ Sick Call _____
_AMoore LVN 7/20/17_

Medical Staff Member's Signature                                    Date

HSA – 9 (Rev. 2/12)

---

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**   EXHIBIT B
**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

**PART A:** (To be completed by offender)                    Date: _7·19·17_

Offender's Name: _Gomez, Humberto H._          TDCJ No.: _02057999_

Work Assignment: _12_ _____          Work Hours: _____

Wing No: _12B - 80_ _____ School Hours: _____

Service needed: ☑ Medical ☐ Dental ☐ Mental Health ☐ Other: _____

Reason for Health Services Appointment: _Abdominal pain and rectal pain and bleeding._

How long have you had this problem?   Hours: _____   Days: _15 - Months_

---

"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."

T. Smith RN                    _____
CONSULT RN                      **Signature of Offender**

Part B: (To be completed by medical personnel – Do not write below this line   JUL 20 2017

Medical Reply: _____ Sick Call _____
_AMoore LVN 7/20/17_

Medical Staff Member's Signature                                    Date

HSA – 9 (Rev. 2/12)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## HEALTH SERVICES DIVISION
### SICK CALL REQUEST

**EXHIBIT C**

**PART A:** (To be completed by offender)

Date: _8·25·17_

Offender's Name: _Gomez, Humberto H._

TDCJ No.: _02057999_

Work Assignment: _____

Work Hours: _____

Wing No: _12-B-80_

School Hours: _____

Service needed: ☑ Medical ☐ Dental ☐ Mental Health ☐ Other: _____

Reason for Health Services Appointment: _Severe abdominal pain and bleeding from the rectum._

How long have you had this problem? Hours: _____ Days: _16 months_

---

*"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."*

_Gomez_
Signature of Offender

---

Part B: (To be completed by medical personnel – Do not write below this line)

Medical Reply: _____ CONSULTED RN

Prowler Sick call
S. Kirk, LVN
8/28/17    slk

AUG 2 9 2017

_Thomasun_
Medical Staff Member's Signature _8-29-17_

Date _____

HSA – 9 (Rev. 2/12)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION

INMATE REQUEST TO OFFICIAL
(I-60)

# EXHIBIT D

To:  T. Smith - RN, CNM

DATE: September 5,2017

Address :  Hughes Unit

Ms. Smith,

   I have received your response of the STEP 1 Grievance, on which I had submitted, for a Medical Complaint. I filed this Grievance under the assumption, that while an investigation was conducted- a review of my medical records would reveal the fact that my complaint of this medical condition, has existed for an extended period of time.

   This delay has been a factor to the deterioration of my condition. Over the past 16 months, the pain intensity has upgraded, the rectal bleeding is more consistent, and my appetite has dramatically decreased. There is a great difference in being "interviewed" by a GI Specialist through TeleHealth, than being "examined in person by the specialist.

   Ms. Smith, I am respectfully requesting if I can be monitored by medical personell. This pain is terrible and the bleeding just makes this more overwhelming. Also, I can not eat, which makes me even more concerned. I would really appreciate a response, at the earliest time possible.

                                                        Thank You...

NAME: Humberto H Gomez           No: 02057999              UNIT: Hughes

Living Quarters: 12-B-80                       Work Assignment: Level I -Ad Seg.

DISPOSITION:

EXHIBIT D

An expedited referral to HGGI has been submitted.
No appt. date yet. You were seen by nursing 9/7/17.

Providers sick call

SEP 08 2017

T. Smith RN CNM
9/8/17

TEXAS DEPARTMENT OF CRIMINAL JUSTICE–INSTITUTIONAL DIVISION

INMATE REQUEST TO OFFICIAL
(I-60)

EXHIBIT E

To: T. Smith – RN, CNM

Date: 9-8-17

Address: Hughes Unit

Ms. Smith,

On 9-1-17 I was taken to A-B Medical clinic on a walk in procedure for a complaint of severe abdominal pain and excessive bleeding from the rectum. Upon arrival at the clinic I informed Dr. Bennent and nurse Munoz of my conditions and requested pain medication and an examination in regaurds to the excessive bleeding. Dr. Benhent and nurse Munoz denied my request of pain medication, and refused to examine me. In addition, Dr. Bennent stated that there was nothing wrong with me for the exception that I was full of shit. Witnesses to this incident are officer Dawson and Lt. Strickland. On 9-7-17 I was taken to A-B clinic as a walk in procedure for the same issue and once again I was denied medical care.

Thank You....

Name: Humberto H Gomez                    No: 02057999                    Unit: Hughes

Living Quarters: 12-B-80                                   Work Assignment: Level I-Ad Seg.

Disposition:

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## HEALTH SERVICES DIVISION
### SICK CALL REQUEST

**EXHIBIT F**

**PART A:** (To be completed by offender)                    Date: _9·18·17_

Offender's Name: _Gomez, Humberto H._          TDCJ No.: _02057999_

Work Assignment: _____          Work Hours: _____

Wing No: _12-B-80_          School Hours: _____

Service needed: ☒ Medical  ☐ Dental  ☐ Mental Health  ☐ Other:

Reason for Health Services Appointment: _Severe abdominal pain, bleeding, and loss of appetite._

How long have you had this problem?   Hours: _____   Days: _17 months_

---

*"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."*

_Gomez_

Signature of Offender

---

Part B: (To be completed by medical personnel – Do not write below this line

Medical Reply: _Seen and referred_

_H. Farris LVN_
_09/20/17_

CONSULT RN

_N. ___ RN_

SEP 20 2017

Medical Staff Member's Signature                    Date

**HSA – 9 (Rev. 2/12)**

---

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## HEALTH SERVICES DIVISION
### SICK CALL REQUEST

**EXHIBIT G**

**PART A:** (To be completed by offender)                    Date: _10·9·17_

Offender's Name: _Gomez, Humberto H._          TDCJ No.: _02057999_

Work Assignment: _____          Work Hours: _____

Wing No: _12-B-80_          School Hours: _____

Service needed: ☒ Medical  ☐ Dental  ☐ Mental Health  ☐ Other:

Reason for Health Services Appointment: _Severe abdominal pain and rectal bleeding._

How long have you had this problem?   Hours: _____   Days: _18 months_

---

*"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."*

_Gomez_

Signature of Offender

OCT 11 2017

OCT 1 1 2017
M

---

Part B: (To be completed by medical personnel – Do not write below this line

Medical Reply: _10/11/17_ _called to ___ refer to provider follow-up appointment at hospital Galveston Nov 2017_

_T. Neu, LVN_

_Consulted RN_
_R. ___ RN_
_10 ___ 17_

Medical Staff Member's Signature                    Date

**HSA – 9 (Rev. 2/12)**

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

## INMATE REQUEST TO OFFICIAL   EXHIBIT H

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑ *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑ *Parole requirements and related information (Unit Parole Counselor)*

7. ❑ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: *T. SMITH RN CNM*          DATE: *10.13.17*
(Name and title of official)

ADDRESS: *MEDICAL DEPT.*

**SUBJECT:**  *State briefly the problem on which you desire assistance.*

Ms. Smith, I NEED HELP! I AM IN SERIOUS STOMACH PAIN! On 10.12.17 I was seen by Dr. Togo for a condition of on going abdominal pain and rectal bleeding. I informed Mr. Togo that the medication Dr. Bennet had prescribed me to treat the stomach pain was not helping me at all, but instead was causing me to experience bad side effects. I asked Mr. Togo for other medication available to treat the pain. Mr. Togo denied my request and stated that I needed to wait until I was seen by the GI specialist. When will I see the specialist.?

Name: _Gomez, Humberto H._ No: _02057999_ Unit: _AH_ _12-13-36_

Living Quarters: _12-B-80_ Work Assignment: _Ic4 Ho-19_

---

**DISPOSITION:** (Inmate will not write in this space)

Provider Sick Call
J. Colletti RN
10·17·17

OCT 17 2017

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

# INMATE REQUEST TO OFFICIAL *EXHIBIT I*

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑ *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑ *Parole requirements and related information (Unit Parole Counselor)*

7. ❑ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: *T. Smith RN CNM*                     DATE: *11.3.17*
      (Name and title of official)

ADDRESS: *Medical Department.*

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I have repeatedly advised Dr. Togo and Dr. Bennet, that the medication that was prescribed for the stomach pains did not help me at all but had only caused me to experience bad side effects. I have advise Both Mr. Togo and Mr. Bennet that I am no longer taking this medication (CARBAMAZEPINE) and need an alternative medication to treat the stomach pains. I AM ASKING FOR HELP! I AM IN SERIOUSE PAIN! I AM REPEATEDLY DENIED ANY FURTHER TREATMENT!

Name: Gomez, Humberto    No: 02057999    Unit: AH

Living Quarters: 12-B-36    Work Assignment: _____

---

**DISPOSITION:** (Inmate will not write in this space)

Seen & Referred
on 11/7/17.
A. Grisham, LVN
11/7/17

NOV 0 7 2017

D. Thomason, RN

CONSULTED RN

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

## INMATE REQUEST TO OFFICIAL   *EXHIBIT J*

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑   *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑   *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑   *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑   *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑   *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑   *Parole requirements and related information (Unit Parole Counselor)*

7. ❑   *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑   *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: _T. Smith RN CNM_____ DATE: _11·3·17_____
              (Name and title of official)

ADDRESS: _Medical Department_____

**SUBJECT:** *State briefly the problem on which you desire assistance.*

On 9.11.17 Dr. Bennet ordered me a prescription of lactulose. I am respectfully requesting any information as to why I never recieved this medication.

Thank you...

Name: Gomez, Humberto     No: 02057999     Unit: AH

Living Quarters: 12-B-36     Work Assignment: _____

**DISPOSITION:** (Inmate will not write in this space)

NOV 0 7 2017

11/7/17
You received the last bottle on 11/25/2017. They can be exchanged as needed during medication pass thecison.

← PLEASE NOTE THAT THIS IS A FALSE STATE-MENT.

☆I-60 (Rev. 11-90)

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

EXHIBIT K

**PART A:** (To be completed by offender)                              Date: _11.3.17_

Offender's Name: _Gomez, Humberto N._          TDCJ No.: _02057999_

Work Assignment: _____          Work Hours: _____

Wing No: _12-B-36_                 School Hours: _____          .

Service needed:  ☑ Medical  ☐ Dental  ☐ Mental Health  ☐ Other: _____

Reason for Health Services Appointment: _Severe abdominal pain and rec-_
_tal bleeding._

How long have you had this problem?   Hours: _____   Days: _19 - Months)_

---

*"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."*

_Gomez_

*Signature of Offender*                              CONSULTED RN

---

Part B:  (To be completed by medical personnel – Do not write below this line

Medical Reply: _Seen and referred on 11/7/17._          D. Thomason, RN

_A. Grisham, LVN_
_11/7/17_          Medical Staff Member's Signature          NOV 07 2017

HSA – 9 (Rev. 2/12)

**Texas Department of Criminal Justice**

CAA 12B36

# STEP 1

## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _2018007313_

Date Received: _9-14-17_

Date Due: _10-29-17_

Grievance Code: _601_

Investigator ID #: _I2387_

Extension Date: _12-13-17_

Date Retd to Offender: NOV 10, 2017

Offender Name: _George N. N_  TDCJ # _02057999_

Unit: _AH_  Housing Assignment: _12-B-80_

Unit where incident occurred: _AH_

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Ms. T. Smith, CNM. (1-60)_  When? _9.7.17_

What was their response? _None_

What action was taken? _None_

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On the afternoon of September 1, 2017 I advised officer Lawson that I needed medical attention. Shortly after speaking with mr. Lawson, Sgt. payne arrived at my location and informed me that he had consulted with nurse Mr. Muñoz, who stated that they (Medical personnel) were not going to see me. I advised Sgt. payne that it was urgent and explained to him what was occurring. Sgt. payne advised officer Lawson to escort me to I-B hallway Clinic. Upon arrival at the Clinic I informed Dr. Bennent and nurse Mr. Muñoz, that I was experiencing severe abdominal pain and had been bleeding excessively from the rectum all morning. Despite my complaint of these conditions, Dr. Bennent and nurse Mr. Muñoz denied my request of pain medication and refused to conduct an examination in regards to the complaint of excessive bleeding. In response to my request Mr. Muñoz, I-

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

aughed and advised Mr. Lawson to take me back to my Cell. In addition Dr. Bennent stated that there was nothing wrong with me for the exception that I was full of shit. Witnesses to this incident are Officer Lawson and Lt. Strickland.

**Action Requested to resolve your Complaint.**   *proper medical Care.*

**Offender Signature:** _Donny_   **Date:** 9·12·17

**Grievance Response:**

Unsubstantiated. Mr. Munoz denies your allegations. You were seen on 9/1/17, and 9/7/17. Both times you acted aggressively and had to be removed by security. You were seen by Mr. Bennett on 9/11/17. He ordered you medication. You had an appointment for GI at HG on 10/18/17. You overdosed on Inderal while you were there and were sent to Jester 4. <u>You have an appointment pending this month.</u>

NOV 0 1 2017

**Signature Authority** _Teri Smith_   T. Smith RN CNM   **Date:** 10/31/17

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      **\*Resubmit this form when the corrections are made.**

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission      UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
2<u>nd</u> Submission      UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3<u>rd</u> Submission      UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F



EXHIBIT M

**Texas Department of Criminal Justice**

# STEP 2     OFFENDER GRIEVANCE FORM

JAN 3 1 2018

RB38

OFFICE USE ONLY

Grievance #: 2018007313

TCI Recd Date: NOV 2 1 2017

HQ Recd Date: DEC 0 1 2017

Date Due: 1-5

Grievance Code: 601

Investigator ID:

Extension Date:

Offender Name: Gomez, M. M.     TDCJ # 02057999

Unit: AH     Housing Assignment: 12-13-36

Unit where incident occurred: AH

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

The Step 1 response states that I was seen on 9/1/17, and 9/7/17. Records indicate that I was seen, but the truth is that, I was not examined and given the appropriate treatment. Despite my complainle of severe abdominal pain and rectal bleeding, Dr Bennet denied my request of pain medication and did not conduct an examination or order blood analysis in regards of the rectal bleeding. I had to submit another sick call and was not ordered medication until the date of 9/11/17. As far as me having to be removed due to being aggressive, it is a false statement and I have prove. Dr Bennet stated that I was full of shit and that he was done with me, and asked security to take me back to my cell. Another false statement is that, I overdosed on (Inderal). I do not take this medication. In fact, I did no-

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

t overdose at Hospital galveston shoul-
dnt there be any records of this? Any
records of the lab work due to this
suposed, overdose?

Offender Signature: _Gomez_                    Date: _11·13·17_

Grievance Response:

A review of the Step 1 has been completed regarding your complaint of `experiencing severe abdominal pain and had been bleeding excessively from the rectum.`

Appellate review shows on 10/02/2017, you were evaluated for drug overdose and abdominal pain, swallowed razor blade and possible attempted hanging. You reported having severe abdominal pain, bleeding from the rectum for seventeen (17) months and only receiving zantac. The tests result showed a normal electrocardiogram (EKG), no foreign body seen in x-ray of the abdomen and the occult stool test was negative for blood. Also, the result of the anoscopy showed external and internal hemorrhoids, no evidence of rectal bleeding, no mass or anal fissure present and no infection. On 10/24/2017, you were seen by the mental health provider and discharged to return back to your unit of assignment. You signed a refusal of treatment form on 10/25/2017 for the complaint of chest pain. The review shows in the future you are scheduled to be seen in the gastroenterology clinic. It will be in your best interest to attend all scheduled appointments. On 11/16/2017, you were seen for bleeding hemorrhoids and prescribed Hemorrhoidal cream. Review of the documentation indicates you have been afforded access to medical care.

If you feel your medical condition has changed or warrants further evaluation, submit a Sick Call Request to discuss your concerns with a licensed medical provider.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
TDCJ HEALTH SERVICES DIVISION

Signature Authority: _____     Date: _12-19-17_

Returned because:   *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.*

☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

2nd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                    Appendix G

Humberto H. Gomez
#02057999
Alfred Hughes Unit
3201 FM 929
Gatesville, Tx US 76597

THIS ENVELOPE CONTAINS

IMPORTANT

LEGAL INSTRUMENTS
FOR YOUR SAFEKEEPING

Clerk, U.S. District Cou
Western District of Texas
United States Courthou
800 Franklin Avenue, Ro
Waco, Texas 76701